UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ERNIE A. DELACRUZ, | ) | CASE NO. ED CV 04-1072 (RZ) |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The plaintiff and the defendant have filed their pleadings, the defendant has filed the certified transcript of record, and each party has filed a supporting memorandum. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

///

///

In his first of four arguments for reversal, Plaintiff asserts that the Administrative Law Judge erred in not fully crediting two brief letter-opinions from his treating physician, Edwin Pasuhuk, M.D. In the letters, Dr. Pasuhuk assessed Plaintiff as "unable to engage in any gainful employment" due to an array of ailments including diabetes and diabetic neuropathy; arthritis, contributing to the then-19-year-old Plaintiff's occasional need for a cane; asthma; and drowsiness as a side effect of numerous prescribed medications. [AR 523-24] An Administrative Law Judge may reject opinions of treating physicians in favor of other evidence if he "makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (internal quotations omitted); *see also Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings).

As a preliminary matter, the Court notes that Dr. Pasuhuk's letter opinions are quite brief and rather conclusory, and the Administrative Law Judge therefore was permitted to accord them less weight. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004). But the Administrative Law Judge did not rest his rejection of the opinions on their brevity. Instead, after summarizing numerous other items of medical evidence and the testimony of one of the medical experts who reviewed Plaintiff's medical files, the Administrative Law Judge expressly challenged Dr. Pasuhuk's opinion:

> The undersigned has considered the contrary opinion of Dr. Pasuhuk, a treating physician, who indicated that the claimant is unable to engage in any gainful employment (Exhibit B14F [AR 532]). However, such opinion is totally unsupported by the mild objective findings including the doctor's own notes which were devoid of any indication of significant medical complications

> resulting from diabetes, arthritis, major depression, or bronchial asthma. Dr. Pasuhuk is not a psychiatrist and certainly not qualified to assess whether or not the claimant's depression would be disabling. The opinion of Dr. Pasuhuk is not given significant probative weight in this decision. Dr. Pasuhuk's opinion is also inconsistent with the majority of other opinions, including [those of] Dr. Reddy, the consultative examiner; the State Agency review physician; and Dr. Landau, the medical expert – all of whom found the claimant capable of at least a narrowed range of light work.

[AR 17] Such are certainly "specific" reasons for discounting Dr. Pasuhuk's opinion. In addition, the Court's review of the cited portions of the record indicates that the reasons also are "legitimate" (in that the cited materials indeed stand at odds with Dr. Pasuhuk's views) and enjoy substantial evidentiary support.

Second, Plaintiff briefly argues that the Administrative Law Judge erred in stating that Dr. Pasuhuk, as a non-psychiatrist, was not qualified to diagnose "major depression." Defendant concedes that the judge indeed overstated the point; it would have been more accurate to assert that a specialist's assessment in the area of his or her specialty properly receives more weight than the assessment of a non-specialist. *See* 20 C.F.R. § 416.927(d)(5). The misstatement was harmless, however. As the Administrative Law Judge noted, Plaintiff himself testified he was not receiving any treatment or therapy for depression, other than taking Celexa for two months as of at the time of the hearing. [AR 18] Perhaps most significantly, Dr. Pasuhuk's outlying major-depression diagnosis stood at odds with the opinions of at least two mental-health-specialist examiners, plus the testimony of the second of two medical experts. [*See* AR 455-61 (consultative exam by Clifford Taylor, Ph.D. (assessing mild depression)) & AR 18-19 (judge's summary of Taylor assessment); AR 479-96 (consultative exam by psychiatrist David E. Gross, M.D.)

1 & AR 20 (judge's citation thereto); AR 674-78 (expert testimony of Joseph Malancharuvil, Ph.D.) & AR 19-20 (judge's citation thereto and express adoption thereof).]

Third, Plaintiff asserts that the Administrative Law Judge was required to develop the record further because "Dr. Pasuhuk indicates that he has seen the Plaintiff since May 1999. [AR 524] However, the earliest record in the file appears to be from January 23, 2000. [AR 525] Thus, the record is missing [materials] from Dr. Pasuhuk that would likely [include] an initial assessment and treatment records from May [1999] to the January [2000] treatment record." Plaintiff has not come forward with any additional records or affirmatively shown that such records exist. Assuming for the sake of discussion that they *do* exist, however, the Court still disagrees that the Administrative Law Judge violated any duty to develop the record further in this case. Late in 2005, the Ninth Circuit squarely rejected an argument similar to Plaintiff's in *Bayliss v. Barnhart*:

> Bayliss further asserts that the ALJ should have recontacted Drs. Tobin, Sweet, and Manfield before rejecting parts of their opinions. "The claimant bears the burden of proving that she is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). An ALJ is required to recontact a doctor only if the doctor's report is ambiguous or insufficient for the ALJ to make a disability determination. 20 C.F.R. §§ 404.1512(e), 416.912(e); *Thomas* [*v. Barnhart*], 278 F.3d [947,] 958 [(2002)]. The ALJ, with support in the record, found the evidence adequate to make a determination regarding Bayliss's disability. Accordingly, the ALJ did not have a duty to recontact the doctors.

427 F.3d 1211, 1217 (9th Cir. 2005). Just so here: the evidentiary record was adequate, and the Administrative Law Judge provided specific and legitimate reasons why he largely

found the opinions of three mental health professionals more persuasive than the sparse opinion of Dr. Pasuhuk, at least as to the latter's total-disability and major-depression findings.

Fourth, Plaintiff asserts that the Administrative Law Judge "improperly rejected the testimony of Plaintiff's mother." Pl.'s Br. at 5. The challenged rejection is as follows:

> The claimant's mother, Eva Duenez, testified on the claimant's behalf that her son complains of pain and wakes her up in the middle of the night for massages. According to Ms. Duenez, her son takes approximately 12 hot showers per day to relieve his pain. Ms. Duenez has no medical expertise to assess the claimant's condition. Moreover, she is not an unbiased source and her opinion could well be colored by family relationship and potential financial benefit. Her testimony is found not to be persuasive.

[AR 18] Plaintiff argues that the assertion of bias was improper. Any possible error was harmless, however. Even if one assumes that Ms. Duenez testified with complete sincerity and lack of bias, her testimony essentially echoed Plaintiff's *own subjective complaints* – complaints that the Administrative Law Judge separately found to be significantly exaggerated. [AR 18] Plaintiff does not challenge the latter credibility ruling. The Court
///
///
///
///
///
///

1 | thus finds no error in finding the mother's essentially cumulative pain-related testimony
2 | similarly unpersuasive.
3 |     For the foregoing reasons, the decision of the Commissioner is affirmed.
4 |     IT IS SO ORDERED.

DATED: March 27, 2006

                                    */s/ Ralph Zarefsky*
                                  RALPH ZAREFSKY
                            UNITED STATES MAGISTRATE JUDGE